UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>CARLOS MERCADO | No. 3:13-cr-181 (SRU) |

### AMENDED ORDER ON MOTION FOR DETENTION

Carlos Mercado is currently serving a five-year term of supervised release. A United States Probation Officer has formally accused him of violating a condition of his supervised release. Thereafter, the government moved for Mercado's detention under 18 U.S.C. § 3143(a). For the following reasons, I hold that section 3143 does not authorize the detention of individuals charged with violating a condition of supervised release. I therefore **deny** the government's motion for detention, **doc. no. 1013**.

I.      Background

In 2015, Carlos Mercado pled guilty to Conspiracy to Distribute and to Possess with Intent to Distribute Heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and 846. Min. Entry, Change of Plea Hr'g, Doc. No. 461. I sentenced him to a 120-month term of imprisonment and a five-year term of supervised release. Judgment, Doc. No. 767. Mercado has since completed his term of imprisonment and is on supervised release. *See* Violation Report, Doc. No. 1014. In December 2024, Mercado's United States Probation Officer formally accused Mercado of violating Mandatory Condition number 1 of his supervised release, which prohibits him from committing another federal, state, or local offense. Petition for Summons, Doc. No. 1010. For the conduct giving rise to the alleged violation, Mercado faces state charges but has

not been indicted federally. The government moved to detain Mercado pending conclusion of his supervised release violation proceedings, citing 18 U.S.C. § 3143(a) and Federal Rule of Criminal Procedure 32.1. Doc. No. 1013.

I held an initial appearance on the violation charge on December 19, 2024. Min. Entry, Doc. No. 1018. At that proceeding, I noted that I did not think any federal statute authorized detention of Mercado. I cited the Non-Detention Act, 18 U.S.C. § 4001(a), as prohibiting the detention of a United States citizen except pursuant to federal statute. I explained that the plain text of section 3143 does not appear to apply to supervisees charged with violating a condition of supervised release, and that procedural rules, including Federal Rule of Criminal Procedure 32.1, do not provide the required statutory authority to detain a person. I deferred ruling on the government's motion for detention, and requested that the parties submit briefing on the question whether the court has the authority to detain a person charged with violating a condition of supervised release. The government submitted its memorandum in support of its motion for detention on December 27, 2024, *see* doc. no. 1019, and the defendant submitted his response to the government's memorandum on January 8, 2025. *See* Doc. No. 1023.

**II.     Discussion**

The Non-Detention Act prohibits the detention of a United States citizen without statutory authorization.[1] "No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress." 18 U.S.C. § 4001(a). The government asks me to detain Mercado pending a final hearing on the revocation of his supervised release. Pursuant to the Non-Detention Act, I therefore must look to some Act of Congress that authorizes me to

---

[1] Mercado is a United States citizen. *See* Presentence Report, Doc. No. 743, at 3.

detain Mercado. The government argues that the necessary authority is found in both 18 U.S.C. §§ 3143(a) and 3583(e)(3). Docs. No. 1013, 1019. For the reasons that follow, I disagree.

A. <u>18 U.S.C. § 3143(a)</u>

1. *Section 3143 Does Not Address Supervised Release Hearings*

The government argues that 18 U.S.C. § 3143(a) provides statutory authority to detain Mercado. Section 3143(a) governs release or detention of a defendant pending imposition or execution of sentence, but does not mention supervised release. *See* 18 U.S.C. § 3143(a). Section 3143(a)'s full text is as follows:

> (a) Release or Detention Pending Sentence.–
>
> > (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been ***found guilty*** of an ***offense*** and who is ***awaiting imposition or execution of sentence***, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).
> >
> > (2) The judicial officer shall order that a person who has been ***found guilty*** of an ***offense*** in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and ***is awaiting imposition or execution of sentence*** be detained unless—
> >
> > > (A)
> > >
> > > > (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> > > >
> > > > (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> > >
> > > (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a) (emphasis added).

Two Federal Rules of Criminal Procedure connect the statute to supervised release revocation proceedings. Rule 46, which broadly addresses release from custody, states that "Rule 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release." [2] Fed. R. Crim. P. 46(d). Rule 32.1, which governs procedures regarding revocation or modification of probation or supervised release, states:

> *Release or Detention.* The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person.

Fed. R. Crim. P. 32.1(a)(6).

The government contends that Rule 32.1 and section 3143(a) together grant me the authority to detain Mercado pending a final hearing on the revocation of his supervised release. *See generally* Doc. No. 1019. Before a person can be detained under authority of the statute, he or she must have been (a) found guilty of an offense and (b) be awaiting imposition or execution of a federal sentence. *See* 18 U.S.C. § 3143(a)(1). Rule 32.1 adds nothing to the analysis, because all that rule accomplishes is to cite to the authority granted by section 3143(a), and because Rule 32.1 cannot, by implication, expand the category of persons to whom the statute applies. *See infra* Section II(B). The statutory requirements are discussed below.

---

[2] Notably, the initial sections of procedural Rule 46 point to the statutory authority permitting detention of a defendant at various stages of a criminal prosecution. Rule 46(a) states that the "provisions of 18 U.S.C. §§ 3142 and 3144 govern pretrial release." Rule 46(c) states that the "provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." In contrast, Rule 46(d) refers to a provision of the Federal Rules of Criminal Procedure rather than to a statute, which suggests that the drafters of the Rules found no statutory provision that governs "release pending a hearing on a violation of probation or supervised release."

2. *Has Mercado Been Found Guilty of an Offense?*

Section 3143(a)(1) permits detention of a person found guilty of an offense while the federal criminal proceeding remains pending. In the context of Mercado's alleged supervised release violation, there are two possible criminal proceedings that might be targeted by the statute: (1) the proceedings to consider the new conduct giving rise to the charged violation, i.e., Mercado's alleged violation of state law, or (2) the proceedings that concluded in 2015 with the imposition of Mercado's sentence of imprisonment and supervised release (and his failure to appeal).

A common-sense reading of the statute points to the relevant proceeding as the one concerning Mercado's new conduct giving rise to the charged violation. After all, there was no pending proceeding of any kind until Mercado was charged with a violation of supervised release. Under that reading, section 3143(a)(1) does not authorize Mercado's detention. The USPO alleged that Mercado violated his supervised release by committing state drug offenses. *See* Violation Report, Doc. No. 1014, at 2. Mercado has not pled guilty to that violation, nor have I found him guilty of that violation. Because section 3143(a)(1) authorizes detention only of persons found guilty of an offense and because Mercado has not been found guilty of the supervised release violation, the statute simply does not apply.[3]

The government argues that the relevant proceedings are those terminated by judgment in 2015, which resulted in imposition of Mercado's term of imprisonment and term of supervised release. *See* Doc. No. 1019, at 1 ("[Section 3141(a)(1)] authorizes detention of a defendant 'who

---

[3] Even if Mercado had already been adjudged guilty of the supervised release violation, it is not clear that section 3143 would apply. A supervised release violation is not itself a federal criminal "offense"; no provision of the federal criminal code criminalizes violations of supervised release conditions. Since his release from prison, the government has not charged Mercado with violating a federal offense.

5

has been found guilty of an offense' . . . Mercado was found guilty of the underlying charges against him, and he is awaiting the consequences of allegedly violating the supervised release imposed as part of his original sentence."). Mercado was certainly found guilty in his underlying federal prosecution. But he has already served the entire term of imprisonment imposed as punishment for that offense, and thus treating his original conviction as justifying further detention as a person "awaiting" imposition or execution of that sentence would be illogical.

The government's strained argument gains some plausibility from decisions "[t]reating postrevocation sanctions as part of the penalty for the initial offense" in order to avoid "serious constitutional questions that would be raised by construing revocation and reimprisonment as punishment for the violation of the conditions of supervised release." *Johnson v. United States*, 529 U.S. 694, 700 (2000). *See also United States v. Peguero*, 34 F.4th 143, 160 (2d Cir. 2022) ("Because supervised release is imposed as part of the original sentence, it is authorized by the original conviction, and so too are the consequences of its violation.") (cleaned up).

Employing the original conviction to justify detention, however, would rely on a theory that Mercado could be punished a second time for the same conviction. Mercado was sentenced to ten years' imprisonment and five years' supervised release, not to ten years' imprisonment and an unspecified term of imprisonment to be imposed based on potential future events. Any such after-imposed, additional term of imprisonment, if treated as punishment for the original offense, would violate the constitutional guarantee against double jeopardy. The Double Jeopardy Clause of the Fifth Amendment protects "against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794, 798 (1989); *see also Ex parte Lange*, 85 U.S. 163, 173 (1873) ("[T]he Constitution was designed as much to prevent the criminal from being twice punished for the same offence as

from being twice tried for it."). Neither *Johnson* nor *Peguero* gave any consideration whatsoever to the "serious constitutional questions" raised by treating supervised release violation sentences as part of the original sentence that included supervised release. Indeed, the words "double jeopardy" simply do not appear in the *Peguero* majority opinion. Accordingly, *Johnson* and *Peguero* do not preclude the determination that the consequence of their holdings, if taken to authorize pre-revocation detention of supervisees, would violate the constitutional protection against double jeopardy.

The statute governing supervised release revocations authorizes judges to impose additional imprisonment if the judge finds a supervisee guilty of engaging in new conduct that violates a condition of supervised release or if a supervisee pleads guilty to a violation of supervised release. *See* 18 U.S.C. § 3583(e)(3). To be sure, a defendant is warned at his original sentencing that he may be subject to a new carceral term if he violates the conditions of his supervised release at some point in the future. But the court does not conditionally *impose* post-revocation penalties, for yet-to-be-committed violation conduct, at that original sentencing.[4] Given that post-revocation penalties are not imposed, even conditionally, as part of the original prosecution, any attempt to attribute those penalties to the original conviction runs afoul of the constitutional prohibition against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. at 717.

---

[4] Unlike some state court systems, in the federal courts defendants are not sentenced to a term of imprisonment with a specified, shorter term to be served, e.g., ten years' imprisonment with six years to serve. If the state defendant violates a condition of post-imprisonment supervision, he can be remanded to serve all or part of the remaining term of imprisonment imposed initially. Such systems are not dissimilar to the former federal parole system in that respect.

Therefore, reading section 3143(a) consistently with the Double Jeopardy Clause of the Fifth Amendment, that statute only authorizes Mercado's detention if he were "found guilty of" a *new* offense. 18 U.S.C. § 3143(a).

3. *Is Mercado "Awaiting Imposition or Execution of Sentence"?*

Relatedly, and alternatively if I am incorrect about the application of the Double Jeopardy Clause, Mercado may not be detained pursuant to section 3143(a) because he is not awaiting the imposition or execution of a new prison sentence. That result is the same whether a post-revocation sentence is thought of as authorized by the original conviction, or as a new punishment for the violation itself. The proceedings to determine whether Mercado violated his supervised release are not themselves a sentence subject to execution, as the government argues they are. *See* Doc. No. 1019, at 6 (Mercado "awaits 'execution' of that original sentence—that is, a determination by the Court . . . whether the violation occurred . . . ."). Treating proceedings to *determine* guilt as the *execution* of a sentence that results from a finding of guilt distorts the language of the statute beyond recognition.

Only after a criminal defendant has been convicted or has pled guilty does the defendant *await* the imposition of their potential sentence; only after imposition of sentence can the defendant *await* the execution of the sentence. While waiting for a sentence to be imposed, a federal defendant is either released or detained pursuant to section 3143(a). After sentencing, the defendant must report to the Bureau of Prisons ("BOP"), if they are to serve a term of imprisonment, or the United States Probation Office ("USPO"), if they are to serve a term of probation. The defendant either reports to the BOP or USPO immediately to begin the "execution of" their sentence, or is permitted to report to the appropriate authority at a later date. In either case, "execution" of the sentence begins when the defendant reports to the BOP or the

8

USPO. *See* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."); *United States v. Nkanga*, 450 F. Supp. 3d 491, 495-96 (S.D.N.Y. 2020) (explaining that, for purposes of interpreting the meaning of the term "execution" in section 3143(a), "'execution' and commencement are effectively synonymous."). During the time between imposition of a sentence and its execution, the defendant is also either released or detained under section 3143(a).

I originally sentenced Mercado to a 120-month term of imprisonment and a five-year term of supervised release on July 10, 2015. Min. Entry, Sentencing, Doc. No. 744; Judgment, Doc. No. 767, at 1. When I sentenced Mercado, he was in federal custody at Donald W. Wyatt Detention Facility. Presentence Report, Doc. No. 743, at 1, 6. Because he was already in federal custody, the "execution of" Mercado's 120-month term of imprisonment commenced immediately after his sentencing. *See United States v. Williams*, 601 F. App'x 685, 687 (10th Cir. 2015) ("A federal sentence normally commences immediately following sentencing when, as here, the defendant is in primary federal custody."). On June 9, 2021, Mercado was released to be supervised by the USPO for a five-year term of supervised release. Violation Report, Doc. No. 1014, at 3.

Mercado has therefore already fully served the only term of imprisonment included in his original sentence, and is currently on supervised release. He logically cannot be "*awaiting* . . . execution of [a] sentence" that he has already served, or is already serving. *See* 18 U.S.C. § 3143(a) (emphasis added). By its plain language, section 3143(a) therefore does not apply.

The government argues that, because the penalties associated with a supervised release violation are authorized by the original sentence, Mercado awaits "execution" of his original sentence. *See* Doc. No. 1019, at 6 ("Now that Mercado has allegedly violated the conditions of his release, he awaits the 'execution' of that original sentence—that is, a determination by the Court, with limited procedural protections, as to whether the violation occurred and whether Mercado will be subject to additional incarceration."). "[A] determination by the Court," however, is not a sentence that can be executed, and so Mercado does not await that "execution."

To be clear, the government's argument is that supervised release revocation proceedings constitute the "execution" of the original sentence because a new sentence of imprisonment for a supervised release violation is "part and parcel" of the original sentence. *See id*. But any potential additional term of imprisonment that may be imposed upon revocation was *not* imposed as part of the initial sentence—as noted previously, its imposition relies on future events that had not yet occurred at the time the original sentence was imposed. The government's argument thus relies on an implicit assumption that Mercado's sentence did not become final, and thus his criminal prosecution did not end, with entry of judgment in 2015. It continued throughout his ten-year term of imprisonment. It continued after Mercado's release from imprisonment and start of his term of supervised release. And it continued through the first several years of Mercado's supervision. Indeed, the underlying criminal proceeding is still continuing because at any time over the past decade the punishment Mercado received for his conviction could be enhanced. That assumption squarely conflicts with the Supreme Court's long-held view that a criminal judgment becomes final, and thus the prosecution ends, when the district court sentences the defendant. *See Berman v. United States*, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment.").

Moreover, even if imposition of a violation sentence could be treated as the "execution" of Mercado's original sentence, section 3143(a) would not apply: Mercado is not presently awaiting imposition of a violation sentence because he has not yet plead guilty or been found guilty of a violation. To the extent that Mercado's original sentence theoretically can be reopened by virtue of his Probation Officer's allegation that he violated a condition of his supervised release, he can only be awaiting imposition or execution of a sentence for that violation once he is found guilty or pleads guilty to the violation. It is a closer call whether section 3143(a) applies to a supervisee who has been found guilty of a violation and awaits imposition or execution of a potential violation sentence,[5] but that issue is not raised by the present circumstances. Mercado has not yet been found guilty of a violation, and so section 3143(a) has no present applicability.

For those reasons, I cannot conclude that Mercado is "awaiting imposition or execution of [a] sentence," as is required for section 3143(a) to apply. Mercado awaits a determination of whether he is guilty of violating a condition of his supervised release. Should he plead guilty or be found guilty, I may then revoke his supervised release and potentially impose a term of imprisonment. At that point and not before, there may be a sentence to impose and execution to await. Until then, Mercado is awaiting only a resolution of the alleged violation. Importantly, no statute that I or the government have identified authorizes his detention prior to a determination of his guilt on the charged violation.

B. Procedural Rules Cannot Expand a Statute

The government also cites Federal Rule of Criminal Procedure 32.1, when read in connection with section 3143(a), as authorizing Mercado's detention. *See* Doc. No. 1013. I agree

---

[5] A supervised release violation is not a federal "offense." *See supra* n.3.

that the drafters of the Federal Rules of Criminal Procedure likely intended or assumed that persons charged with violating the conditions of their supervised release could be detained pending a determination of their guilt. The problem is that Congress did not amend 18 U.S.C. § 3143(a) to implement the drafters' intention or assumption.

Rule 32.1 provides that a "judge may release or detain the person [arrested or summoned for an alleged violation] under 18 U.S.C. § 3143(a)(1) pending further proceedings." But that rule cannot amend the cited statute; the rule can point to the statute, but the statute does not authorize pre-revocation detention, for the reasons set forth above. Moreover, statutory law prohibits procedural rules from providing an independent basis for detention. The Federal Rules of Criminal Procedure cannot "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b); Wright & Miller, § 33 Construction and Effect of the Rules, 1 Fed. Prac. & Proc. Crim. § 33 (5th ed.) ("[T]he Supreme Court's rulemaking authority is circumscribed by the Rules Enabling Act, which provides that the Rules promulgated by the Supreme Court 'shall not abridge, enlarge or modify any substantive right.'"). Individuals on supervised release have the substantive right to be free from detention. *See* 18 U.S.C. § 4001(a) ("No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress."). Thus, Rule 32.1 cannot abridge Mercado's substantive right to be free from detention absent statutory authorization.

Finally, the Second Circuit's decision in *United States v. Grady* does not demand a contrary conclusion. 818 F. App'x 86 (2d Cir. 2020) (summary order). There, the supervisee argued that the court violated his due process rights "by forcing him to choose between proceeding with a revocation proceeding or being remanded into custody while defense counsel marshalled mitigating evidence to rebut the allegations" that the supervisee had violated

12

conditions of his supervised release. *Id.* at 87. In explaining that the supervisee-defendant had been afforded constitutionally adequate procedural due process, the Second Circuit assumed that Rule 32.1 and section 3143(a)(1) authorized detention pending a revocation proceeding:

> Revocation of supervised release proceedings are governed by Rule 32.1 of the Federal Rules of Criminal Procedure. Rule 32.1(a) provides for an "initial appearance" before a magistrate judge when a person is accused of violating conditions of supervised release. . . . At an initial proceeding where the defendant has been summonsed, the judge must inform the defendant of the allegations against him, and his right to retain counsel or request that counsel be appointed. Fed. R. Crim. P. 32.1(a)(3). If the defendant has been arrested and is being held in custody for the violations, the defendant also has a right to a preliminary hearing under Rule 32.1(b)(1). In either scenario, "pending further proceedings," the judge "may release or detain the person under 18 U.S.C. § 3143(a)(1)." Fed. R. Crim. P. 32.1(a)(6). . . . Based on the forgoing, it was not a violation of due process for the district court to present Grady, at his initial appearance, with a choice either to go forward with a full revocation proceeding or to be remanded into custody.

*United States v. Grady*, 818 F. App'x 86, 88 (2d Cir. 2020) (summary order).

But in that case, which was decided by summary order, the Court was not presented with the question, nor did it squarely decide, whether courts have the authority under section 3143(a)(1) to detain persons charged with, but not found guilty of, violating the conditions of their supervised release.

Therefore, my order today is not foreclosed by *Grady*, and I conclude that neither Rule 32.1 nor section 3143(a)(1), taken together or in isolation, provide statutory authority to detain individuals on supervised release prior to a finding that they have committed a violation of a condition of supervised release.

C. <u>18 U.S.C. § 3583(e)</u>

The government also points to 18 U.S.C. § 3583(e) as statutory authority to detain Mercado. Section 3583(e) grants district courts the authority to modify or revoke a term of supervised release, but makes no mention of authority to detain a person before a revocation has been ordered. *See* 18 U.S.C. § 3583(e). The government argues that Congress "authorized the

13

detention . . . of defendants pending revocation proceedings . . . by incorporating Rule 32.1 into section 3583(e)." Doc. No. 1019, at 5. In its view, Federal Rule of Criminal Procedure 32.1(a)(6), which states that, at an initial appearance on an alleged violation of probation or supervised release, "[a] magistrate judge may release or detain the person . . . pending further proceedings," is given the force of law through section 3583(e).[6] That argument is specious.

Section 3583(e) includes the phrase "pursuant to the provision of the Federal Rules of Criminal Procedure relating to revocation of probation or supervised release." However, section 3583(e) does not *incorporate* any part of the Federal Rules of Criminal Procedure. The statute merely prescribes the procedures that govern the determination whether to revoke supervised release. The court may revoke supervised release "if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). In other words, section 3583(e) provides that questions of fact relevant to revocation of supervised release will not be decided by a jury beyond a reasonable doubt. The procedural rules, however, are not made part of the statute either expressly or impliedly. Section 3583(e) makes no mention whatsoever of detention authority pending revocation of supervised

---

[6] I note that Federal Rule of Criminal Procedure 32.1, like all federal rules of procedure, is prescribed by the Supreme Court. *See* 28 U.S.C. § 2072(a) ("The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts."). Although Congress has the power to reject a proposed rule, "by directly amending the rule or by enacting a separate statute overriding it in certain instances," a procedural rule is not itself an "Act of Congress" that satisfies the requirements of the Non-Detention Act. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 400 (2010); 18 U.S.C. § 4001(a). *See also supra* Section II(B) (explaining that, pursuant to the Rules Enabling Act, 28 U.S.C. § 2072(b), procedural rules cannot expand the meaning of a statute or abridge a substantive right, including the right to be free from detention).

release. Nor does the legislative history of the statute, emphasized by the government, fill that void.[7]

Therefore, I reject the government's argument that section 3583(e) provides statutory authority for detention of defendants pending revocation proceedings.

### III.  Conclusion

For the foregoing reasons, I **deny** the government's motion for detention, **doc. no. 1013**. Mercado remains on supervision subject to the conditions of supervised release imposed at sentencing.

So ordered.

Dated at Bridgeport, Connecticut, this 24th day of January 2025.

_____
Stefan R. Underhill
United States District Judge

---

[7] The government highlights the legislative history of section 3583(e), which originated in the Anti-Drug Abuse Act of 1986 (ADAA) and was subsequently revised through two legislative acts in the 1980's and '90's, as support for its argument that the statute authorizes pre-revocation detention. *See* Doc. No. 1019, at 2-5. But the legislative history, which I find largely irrelevant to the issue whether the statute allows me to detain Mercado pending a final revocation hearing, if anything, demonstrates that Congress on multiple occasions could have, but did not, explicitly authorize pre-revocation detention by amending the statute to do so.